[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13808
Non-Argument Calendar

_____

D. C. Docket No. 06-00311-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN E. HARRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 16, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Justin E. Harrison challenges his convictions and sentences

imposed after he pled guilty to two counts of trafficking in illicit labels, in violation of 18 U.S.C. § 2318. Specifically, Harrison was convicted of selling Microsoft labels, called certificates of authenticity ("COAs"), that Microsoft packages with software to ensure that a particular copy of Microsoft's product is authentic. Each COA contains a 25-digit alphanumeric key that can be used to activate a Microsoft program. Harrison obtained stand-alone COAs from various sources and sold them to others, presumably allowing those others to activate pirated copies of Microsoft's programs.

## I.

On appeal, Harrison argues that the first-sale doctrine[1] is applicable to a prosecution under 18 U.S.C. § 2318, and that the district court erred in granting the Government's motion *in limine* to preclude him from raising the doctrine as a defense.[2] After reviewing the record and reading the parties' briefs, we affirm

---

[1] The first-sale doctrine limits a copyright holder's exclusive right to distribute its copyrighted material. 17 U.S.C. § 109(a). If a person owns an individual copy of a copyrighted work, that person has authority "to sell or otherwise dispose of the possession of that copy or phonorecord" without interference by the copyright owner. *Id.* In short, a person does not violate copyright law by distributing copies of copyrighted works when he owns those copies.

[2] Harrison's arguments that the first-sale doctrine is relevant to the elements of an 18 U.S.C. § 2318 prosecution, such that even absent an affirmative defense to the crime it was error for the district court to exclude all first-sale evidence and argument, are rejected. In no way would the first-sale doctrine be relevant to whether the COAs are "illicit labels"—a term of art expressly defined in the statute, 18 U.S.C. § 2318(b)(4)—or whether Microsoft used the COAs solely for copyright verification. Furthermore, despite Harrison's contentions in his brief, it is far from clear that "illicit labels" are only those used *solely* for copyright verification. *See* 18 U.S.C. § 2318(b)(4)(A) (noting that an illicit label is one that is "used by the copyright owner to

2

Harrison's convictions and sentences.[3]

## II.

Normally, we review a district court's grant of a motion *in limine* for an abuse of discretion. *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994). However, we review a district court's determination of whether a certain defense is available *de novo*. *See id.*

## III.

Federal law criminalizes trafficking in "illicit label[s] affixed to, enclosing, or accompanying, or designed to be affixed to, enclose, or accompany . . . a copy of a computer program." 18 U.S.C. § 2318(a)(1)(B). An "illicit label" is a "genuine certificate, licensing document, registration card, or similar labeling component," that meets two criteria. *Id.* at § 2318(b)(4). First, the component must be "used by the copyright owner to verify that a [copy of a work] is not counterfeit or infringing of any copyright." *Id.* at § 2318(b)(4)(A). Second, the component must either be "distributed or intended for distribution not in

verify that a [copy of a work] is not counterfeit or infringing of any copyright").

[3] With respect to his sentences, Harrison argues that the district court erred by enhancing his offense level at sentencing by four levels under U.S.S.G. § 3B1.1(a) based on his role in the offense. He argues that the government failed to meet its burden to prove that the enterprise involved five or more criminally responsible participants, as defined in U.S.S.G. § 3B1.1, comment. He also argues that the district court abused its discretion by improperly calculating his guideline range. We find no merit to these arguments.

3

connection with the copy . . . to which such labeling component was intended to be affixed by the respective copyright owner," *id.* at § 2318(b)(4)(B)(1), or be "knowingly falsified in order to designate a higher number of licensed users or copies than authorized by the copyright owner," *id.* at § 2318(b)(4)(B)(2), without the copyright owner's authorization.

By pleading guilty, Harrison admitted that he trafficked in Microsoft COAs, that those COAs were "illicit labels" as defined in § 2318(b)(4), and that the COAs were "designed to . . . accompany . . . a copy of a computer program." 18 U.S.C. § 2318(a)(1)(B). The only issue on appeal is whether, despite those admissions, Harrison was entitled to raise an affirmative defense based on the first-sale doctrine. He essentially wished to argue that because he legitimately owned the COAs it did not violate federal law to distribute those COAs.

We hold that the first-sale doctrine is not available to an 18 U.S.C. § 2318 defendant. Though the criminal and civil penalties associated with the statutory scheme provide additional protection to copyrighted works, the statute defines a distinct crime; Harrison was not charged with copyright infringement. Congress could have easily incorporated the first-sale defense into § 2318, but chose not to. Nor would Congress choose to, for allowing a first-sale defense to a § 2318 prosecution would swallow the statutory scheme in its entirety. The statute targets

4

the secondary market in authenticating labels; the first-sale doctrine eliminates restrictions on secondary markets. Therefore, to allow a first-sale defense would be to allow precisely the secondary market Congress intended to eliminate.

**IV.**

For the foregoing reasons, we conclude that the district court did not err when it granted the Government's motion *in limine* precluding Harrison from raising the first-sale doctrine as a defense to § 2318. Accordingly, we affirm Harrison's convictions and sentences.

**AFFIRMED.**